# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEVINSON,<br><br>                              Plaintiff,<br>vs.<br>OFFICER WRIGHT and USG7 TRANSPORTATION,<br><br>                              Defendants. | CASE NO. 15cv1491-LAB (KSC)<br><br>**ORDER OF DISMISSAL** |

Christopher Levinson filed a complaint "to go in front of the judge to get suponeas [sic]." (Docket no. 1.) Levinson didn't pay the civil filing fees required by 28 U.S.C. § 1914(a) to commence a civil action; instead he has filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Docket no. 2.)

**I.      IFP Motion**

In his IFP motion, Levinson doesn't answer questions regarding his last employment (*id.*, question 2(b)), savings (*id.*, question 5), or the source of his funds for day-to-day expenses (*id.*, question 11). A litigant's failure to complete his IFP motion is grounds for denial. *See, e.g., Rico v. N. Dist. of Cal.*, 2008 WL 4104516, at *2 (N.D. Cal. Sept. 4, 2008). Additionally, "[a] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.1998) (internal quotation

marks omitted).  Because the IFP motion is incomplete and the face of the complaint reveals that this action is frivolous, the IFP motion fails.

## II.     Unauthorized Practice of Law

In the complaint's caption, Levinson states "I give the OK to Joseph Sorce to appear for me."  (Docket no. 1 at 1.)  Sorce signed the complaint and the civil cover sheet.  (*Id.* at 1, 2.)  Sorce is not admitted to practice in this district and is not admitted to the California State bar.  Indeed, it appears that Sorce isn't licensed to practice law in any court.

In California, "[a]ny person . . . practicing law who is not an active member of the State Bar . . . is guilty of a misdemeanor punishable by up to one year in a county jail or by a fine of up to one thousand dollars ($1,000), or by both that fine and imprisonment."  Cal Bus. & Prof. Code § 6126(a).  "While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself."  *Ryan v. Hyden*, 2012 WL 4793116, at *4 (S.D. Cal. Oct. 9, 2012) (internal brackets and quotation marks omitted). Additionally, under Local Civil Rule 83.3(c)(1)(a), an individual practicing law before this Court is required to be an active member of the State Bar of California.

Sorce was engaged in the practice of law when he signed the complaint and the civil cover sheet.  *See, e.g., In re Foster*, 2012 WL 6554718, at *6 (B.A.P. 9th Cir. Dec. 14, 2012). Levinson is **ORDERED** to stop allowing Sorce, or any other non-attorney, to sign his pleadings, appear on his behalf, or otherwise practice law before this Court.  Sorce is **ORDERED** to stop signing others' pleadings, appearing on others' behalf, or otherwise engaging in the unauthorized practice of law.

## III.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (citation omitted).  Even where no party disputes that federal jurisdiction is proper, the Court has an "independent obligation" to determine whether subject matter jurisdiction exists.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Levinson's allegations do not raise a federal question. *See* 28 U.S.C. § 1331. Rather, he seeks document discovery in a personal injury matter relating to a car accident, without a hint as to what federal statutes he thinks the defendants violated by refusing to provide documents. *Cf. Fed. Nat. Mortgage Ass'n v. Karkazian*, 2012 WL 6097083, at *2 (E.D. Cal. Dec. 7, 2012). Nor is there diversity jurisdiction. *See* 28 U.S.C. § 1332. Levinson doesn't allege the citizenship of the parties and, while he wrote "7 million dollars" in the "related cases" section of the civil cover sheet, it's facially implausible that his request for document discovery approaches the $75,000 jurisdictional limit. Thus, the Court lacks jurisdiction over Levinson's claims.

**IV.   Venue**

Levinson has failed to allege facts showing that venue is proper in this district. *See* 28 U.S.C. § 1391(b). He makes no allegations regarding where the defendants reside or where the events giving rise to his claim occurred. And the attachments to his motion show that the defendants reside, and the vehicle accident leading to his discovery request occurred, outside of California.

**V.   Conclusion**

Levinson's IFP motion is **DENIED** and this action is **DISMISSED WITHOUT LEAVE TO AMEND**. Any appeal would be frivolous, could not be taken in good faith, and, under 28 U.S.C. § 1915(a)(3), may not be taken *in forma pauperis*. The clerk's office is directed to send this order by means that will show Source received it to:

Joseph Sorce
4101 30th Street, Apt B
San Diego, CA 92104[1]

**IT IS SO ORDERED**.

DATED: July 8, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Sorce didn't provide his address in this case. But, he is a plaintiff in *Joseph Source v. Jay Doucet*, 15cv1423, where he provided this address. The signatures on the pleadings in the two cases are virtually identical, showing Sorce signed both.